Estate of Daniel Hagy, deceased.   Appeal of the Commonwealth of Pennsylvania.

Argued Jan. 20, 1899.   Appeal, No. 391, Jan. T., 1898, by the commonwealth of Pennsylvania, from decree of O. C. Phila. Co., July Term, 1898, No. 208, dismissing exceptions to adjudication.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

The same question was raised as in Cope's Estate, ante, p. 1, and decided in the same way.

*Francis A. Osbourn* and *John P. Elkin*, with them *John C. Grady* and *Henry C. McCormick*, attorney general, for appellants.

*Charles Wetherill* and *Joseph R. Rhoads*, for appellee.—A court can declare an act of assembly void only when it violates the constitution clearly, palpably, plainly and in such a manner as to leave no doubt or hesitation in the mind : Sharpless v. Philadelphia, 21 Pa. 147 ; Monongahela Navigation Co. v. Coons, 6 W. & S. 101.

The subject of taxation in this law is " all personal property." There can be no doubt about the right of the state government to tax every piece and item of personal property within its jurisdiction; but it is submitted that such tax to conform with the constitutional mandate must be uniform, and uniformity of taxation is attained only, first, when all the personal property is taxed at a uniform rate, and second, when the tax laid thereon becomes payable and due at the same time.   Personal property held by the lawful representatives of a decedent as a part of his estate is exactly the same in its nature as the same kind of property belonging to a living person, or a corporation, and this is a legislative attempt to classify personal property as the subject of taxation, not according to any distinction in the nature of the personalty, but upon an event which may happen to the owner thereof.   If this were an event which must of necessity happen to all the owners of personal property at the

same time, or at fixed periods of time, the question of lack of uniformity could not arise, but the event being uncertain, entire lack of uniformity in the tax becomes evident; for while the tax is laid on all personal property, the personalty owned by corporations, or sold bona fide by persons in their lifetime, escapes taxation entirely, and that which is taxed is liable at various times; one portion may, by the rapid death of several successive owners, be taxed several times in a single year, another portion may be taxed once, other portions may not be taxed for many years.

The law lacks uniformity radically, as a scheme of taxation, whether considered as a tax on personal property as it is, or as a tax on inheritance as it was intended. For these reasons it is respectfully suggested that the first section of the act is void, being "plainly and palpably" inconsistent with the provisions of article 9, section 1 of the constitution.

If this position is correct, the same section is also void, being inconsistent with the provisions of article 3, section 7, which forbids the passing of special laws "changing the law of descent or succession," and also the proviso in section 5 of the act which reads "provided that all taxes imposed by this act shall be a lien," etc., contravenes the provisions of article 3, section 7, which prohibits special laws authorizing "the creation, extension or impairing of liens."

OPINION BY MR. CHIEF JUSTICE STERRETT, April 24, 1899:

This appeal was heard and considered with No. 390 of January term, 1898, Estate of Marmaduke C. Cope, deceased, in which an opinion affirming the decree of the court below has just been filed, ante, p. 1. Both cases involve substantially the same questions; and for reasons given at length in the opinion referred to, the decree in this case is also affirmed and appeal dismissed at appellant's costs.